UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TERRY EDWARD ELLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-CV-00163-JRG-HBG |
| | ) | |
| RUSTY LOZA and SOUTHERN HEALTH PARTNERS, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff is proceeding pro se and *in forma pauperis* in a prisoner civil rights action for violation of 42 U.S.C. § 1983. Defendants have filed a motion to dismiss this action pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), or alternatively, to require Plaintiff to pay the entire filing fee in order to proceed in this cause [Doc. 11]. Plaintiff has not responded to the motion, and the deadline to do so has passed. L.R. E.D. Tenn. 7.1. For the reasons set forth below, the Court finds Defendants' motion should be **DENIED**.

### I.  LEGAL STANDARD

The "three strikes" provision of the Prison Litigation Reform Act ("PLRA") provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

### II.  ANALYSIS

Plaintiff filed the instant action on April 15, 2020 [*See* Doc. 2 at 7-8]. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (finding "notice of appeal was filed at the time petitioner delivered it to

the prison authorities for forwarding to the court clerk"). At that time, Plaintiff had filed three lawsuits in this Court that have been dismissed as frivolous and/or for failure to state a claim: *Ellison v. Claiborne County Jail, et al.*, No. 3:11-cv-511; *Ellison v. Claiborne County, et al.*, No. 3:20-cv-88; and *Ellison v. Brooks*, No. 3:20-cv-175. However, only the first of these strikes existed at the time the instant lawsuit was filed. The Court finds that § 1915(g) does not bar a plaintiff from proceeding *in forma pauperis* in a lawsuit that was filed before the plaintiff received at least three strikes. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006) ("Section 1915(g) does not apply unless the inmate litigant has three strikes at the time he files his lawsuit or appeal."); *Daniel v. Lafler*, No. 08-13817, 2009 WL 2386064, at *2 (E.D. Mich. July 28, 2009) ("Under the requirements of the statute, the court cannot apply dismissals of cases for purposes of the 'three strikes' rule when the § 1915 dismissals occurred following the filing of the lawsuit at issue."). Accordingly, Defendants' motion will be denied.

### III. CONCLUSION

For the reasons set forth above, it is **ORDERED**:

1. Defendants' motion to dismiss [Doc. 11] is **DENIED**;

2. Defendants shall file an answer or other response to Plaintiff's complaint within twenty-one (21) days of entry of this memorandum and order. If any Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default; and

3. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within (14) fourteen days of any change in address may result in the dismissal of this action.

So ordered.

ENTER:

                                                              s/J. RONNIE GREER
                                          UNITED STATES DISTRICT JUDGE